UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON WILLIAMS,<br><br>Defendant. | CASE NO. _____<br><br>JUDGE _____<br><br>INFORMATION<br><br>18 U. S. C. § 2<br>18 U. S. C. § 1005<br>18 U. S. C. § 1343 |

**THE UNITED STATES ATTORNEY CHARGES:**

At all times relevant to this Information:

## INTRODUCTION

1. The defendant, **BRANDON WILLIAMS**, was a Southern District of Ohio resident who served as a Branch Manager of Bank A. **WILLIAMS** also purported to own small business "D Occasion LTD," a clothing resale company.

2. Bank A was a financial institution federally insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank A's headquarters were in Minneapolis, Minnesota with branches throughout the United States, including in the Southern District of Ohio.

3. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters, including through facilitating loans to small businesses directly or through participating lenders.

4. In or around March 2020, in response to the economic crisis caused by the coronavirus pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act") which established several new temporary programs and provided for the expansion of others to address the pandemic.

5. One of the new programs was the SBA Paycheck Protection Program (PPP), which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA would forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities. Applicants could apply through participating third-party lenders. PPP loans were fully guaranteed by the SBA, but the PPP loans were directly funded by SBA-approved lenders.

6. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications, including acknowledging that knowingly making a false statement to obtain a guaranteed loan from the SBA is punishable under the law. In the PPP loan application, the authorized representative was required to state, among other things, the business': (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

7. During the application process, PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia

and Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

8. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

9. The CARES Act also expanded the Economic Injury Disaster Loan ("EIDL") program administered by the SBA to provide economic relief to businesses that were experiencing a temporary loss of revenue due to the coronavirus pandemic. The EIDL program provided loan assistance, including advances up to $10,000, for eligible entities. EIDL proceeds could be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such proceeds were not intended to replace lost sales or profits or to be used for expansion of a business or the purchase of fixed assets such as real estate. Unlike certain other types of SBA-guaranteed loans, EIDL proceeds were issued directly from the United States Treasury and applicants applied electronically through an online portal and application maintained by the SBA.

10. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, which were used to determine loan eligibility and amounts, including information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and the number of employees. Applicants would electronically certify that the information provided was accurate and were

warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds could result in sanctions, including criminal penalties.

## COUNT ONE
### (Wire Fraud)

11. Paragraphs 1 and 3 to 10 of the Information are realleged as if fully restated herein.

12. From at least June 2020 and continuing through at least September 2020, in the Southern District of Ohio and elsewhere, the defendant, **BRANDON WILLIAMS**, knowingly participated in a scheme and artifice to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses and representations, as set forth below.

### The Purpose of the Scheme to Defraud

13. The purpose of the scheme and artifice to defraud was for the defendant, **BRANDON WILLIAMS**, to obtain money and property from the SBA, namely PPP and EIDL proceeds, by means of materially false and fraudulent statements and representations.

### Manner and Means of the Scheme to Defraud

14. It was part of the scheme and artifice to defraud that on June 4, 2020, the defendant, **BRANDON WILLIAMS**, opened a business bank account at Bank A in the name of D Occasion LTD, at a retail branch in the Southern District of Ohio. As part of the account opening, **WILLIAMS** provided false information to Bank A about the annual revenue associated with the business.

15. It was further part of the scheme and artifice to defraud that the defendant, **BRANDON WILLIAMS**, submitted and caused to be submitted, by interstate wire transmission, false and fraudulent applications for EIDL and PPP loans made available by the SBA to provide relief for the economic effects caused by the coronavirus pandemic.

16. For example, on or about June 18, 2020, the defendant, **BRANDON WILLIAMS**, submitted and caused to be submitted, an EIDL application for business D Occasion LTD. In the application, the defendant, **BRANDON WILLIAMS**, falsely represented, among other things, that the business had 10 employees and that the gross revenues for the 12 months prior to the disaster for the business were $1,346,771.00. As part of the application, **WILLIAMS** requested an EIDL advance.

17. On June 23, 2020, based on the false representations made in the EIDL application, **WILLIAMS's** business bank account at Bank A received a $10,000.00 deposit in the form of an EIDL advance from the SBA. On July 2, 2020, **WILLIAMS's** business bank account received a deposit of $102,700.00 in the form of an EIDL issued for the business.

18. One week later, on July 2, 2020, **WILLIAMS** electronically applied for a PPP for business D Occasion LTD through a nonbank SBA-approved lender. In the application, **WILLIAMS** falsely claimed that D Occasion LTD had an average monthly payroll of $74,156.00 and that the business had 10 employees. Based on the false representations made in the application, **WILLIAMS's** business bank account at Bank A received a $185,388.00 deposit from the PPP loan.

19. As part of the scheme and artifice to defraud, the defendant, **BRANDON WILLIAMS**, spent the PPP and EIDL proceeds for his personal benefit, including travel related expenditures as well as purchases at restaurants and department stores.

### Use of Interstate Wires

20. On or about the June 18, 2020, in the Southern District of Ohio and elsewhere, the defendant, **BRANDON WILLIAMS**, for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be transmitted in

interstate commerce by means of wire communications, certain signals, signs, and sounds, namely the transmission of the EIDL application for business D Occasion LTD from the Southern District of Ohio to the SBA through its servers located in West Des Moines, Iowa. **In violation of 18 U.S.C. §§ 1343 and 2.**

## COUNT TWO
### (False Entries in the Books and Records of a Federally Insured Financial Institution)

21. Paragraphs 1 and 2 of the Information are realleged as if fully restated herein.

22. On or about July 8, 2020, in the Southern District of Ohio and elsewhere, the defendant, **BRANDON WILLIAMS**, being an employee of Bank A, with the intent to deceive Bank A, a financial institution insured by the Federal Deposit Insurance Corporation, knowingly caused false entries to be made in the books, reports, or statements of Bank A, in that **WILLIAMS** directed a subordinate employee to open bank accounts in the name of Individual 1 and directed that employee to falsely state in Bank A's books and records that Individual 1. had completed and signed the documents required to open the accounts, when in truth and in fact, as the defendant well knew, Individual 1 had not filled out the required documentation to open such accounts, nor did Individual 1 sign the documents as required. **In violation of 18 U.S.C. §§ 1005, 2.**

KENNETH L. PARKER
UNITED STATES ATTORNEY

_[signature]_

_____
**EBUNOLUWA A. TAIWO**
**Assistant United States Attorney**